UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-20983-BLOOM

JOSE HUMBERTO LOPEZ PLEITEZ,

    Petitioner,

v.

ATTORNEY GENERAL, *et. al.*,

    Respondents.

_____/

**ORDER**

**THIS CAUSE** is before the Court on Petitioner's Petition Under 28 U.S.C. § 2241, ECF No. [1]. Petitioner claims his continued immigration detention violates the Immigration and Nationality Act under 8 U.S.C. § 1231 as well as the Fifth Amendment to the U.S. Constitution. *See id.* at 2.[1] On March 29, 2023, Respondent filed a Response, ECF No. [10], and attached Exhibits, ECF Nos. [10-1]–[10-20]. Petitioner did not file a Reply and the time to do so has passed. For the reasons explained below, the Petition is denied.

**I. BACKGROUND**

Petitioner is a native and citizen of El Salvador whose United States permanent resident status was revoked following several criminal convictions. *See* ECF Nos. [10-1]–[10-6]. On October 15, 2020, an immigration judge ordered Petitioner removed to El Salvador. *See* ECF No. [10-7]. Petitioner has since filed multiple appeals and motions to reopen. *See* ECF Nos. [10-8]–[10-16]. On March 15, 2023, the Board of Immigration Appeals ("BIA") dismissed Petitioner's

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

appeal. *See* ECF No. [10-17]. Petitioner's removal order is therefore administratively final. *See* 8 C.F.R. § 1241.1(a) (immigration judge's removal order final upon dismissal of an appeal by BIA).

The instant Petition was docketed on March 13, 2023.

## II. LEGAL STANDARD

Section 2241 permits district courts to grant habeas relief for petitioners held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to deportation proceedings are cognizable under [section] 2241." *Orozco v. INS*, 911 F.2d 539, 541 (11th Cir. 1990) (citations omitted).

Section 1231(a) is the post-removal detention provision of the Immigration and Nationality Act and applies to aliens who are subject to a final order of removal. *See* 8 U.S.C. § 1231(a). When an alien is ordered removed, the Attorney General must remove the alien from the country within a period of 90 days. *See id.* § 1231(a)(1)(A). During this 90-day period, certain criminal aliens remain detained. *See id.* § 1231(a)(2). The initial removal period begins on the latest of the following:

(i) The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a stay of removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Id.* § 1231(a)(1)(B). If the alien is not removed during the 90-day period, further detention is authorized by statute. *See id.* § 1231(a)(6).

Nonetheless, section 1231(a)(6) does not authorize immigration officials to hold removable aliens in custody indefinitely. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). While an alien can be detained during the 90-day removal period contemplated by the statute, the alien can be

held for only a reasonable period thereafter. *See id.* 699–700. The total reasonable period of detention is presumed to be six months — the 90-day statutory period under section 1231(a)(1)(A) plus an additional 90 days under section 1231(a)(6) — unless there is a "significant likelihood of removal in the reasonably foreseeable future." *Id*. at 701.

Thus, to be granted relief from a post-removal order of detention under *Zadvydas*, a petitioner must first show that he has been detained beyond the six-month period declared by the Supreme Court to be presumptively reasonable. *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1051–52 (11th Cir. 2002). The petitioner must also provide good reason to believe that there is no significant likelihood of removal in the foreseeable future. *See id.* at 1052; *Zadvydas*, 533 U.S. at 701. The Government must then respond with evidence sufficient to rebut such a showing. *See Akinwale*, 287 F.3d at 1052 (citing *Zadvydas*, 533 U.S. at 701).

### III. DISCUSSION

Petitioner argues that under *Zadvydas*, he is entitled to release from immigration custody. *See generally* ECF No. [1]. According to Respondent,

> [P]etitioner has not even been detained six months pending removal. Petitioner's removal order became administratively final on March 15, 2023, less than a month ago and there is no showing that Petitioner will not be removed within a reasonable time. Therefore, Petitioner has been properly detained and has no grounds for seeking release.

ECF No. [10] at 6. The Court agrees with Respondent.

First, as discussed, Petitioner has filed multiple appeals and motions to reopen. In other words, Petitioner is in large part the cause of his prolonged detention. Petitioner may not take actions, however meritorious, that delay his removal and simultaneously maintain a constitutional claim premised on unreasonably prolonged detention. *See Abimbola v. Ridge*, 181 F. App'x 97, 99 (2d Cir. 2006) ("The District Court and the Government both correctly identify the real reason for

Abimbola's lengthy detention: Abimbola's consistent pattern of seeking and/or receiving numerous judicial stays and filing his numerous petitions for reconsideration and appeals.").

Second, Petitioner has failed to meet his burden under *Zadvydas*. His removal order recently became administratively final, and he has not shown good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Petition, **ECF No. [1]**, is **DENIED**. The Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 24, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Jose Humberto Lopez Pleitez
A#055-808-774
Baker County Detention Center
Inmate Mail/Parcels
P.O. Box 16290
MacClenny, FL 32063
PRO SE